1 | Steven L. Marchbanks, Esq., Bar No. 214686
2 | PREMIER LEGAL CENTER, A.P.C.
1055 Torrey Pines Rd. Ste. 205
3 | La Jolla, CA 92037
Telephone:  (619) 235-0137
4 | Facsimile:  (619) 235-3300

5 | Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET BROWN, an individual, SHERRY-LYN KORST, an individual, ANNA LAYTON, an individual, and SHASTA NIESEN, an individual, | ) **CASE NO:** |
| | ) |
| | ) **PLAINTIFF'S COMPLAINT AND** |
| | ) **DEMAND FOR JURY TRIAL** |
| Plaintiff, | ) |
| | ) **1.  Breach of Express Warranty (Song-Beverly Consumer Warranty Act, *Civil Code* §1791)** |
| v. | ) |
| | ) |
| HYUNDAI MOTOR AMERICA, a California Corporation, and DOES 1 through 10, inclusive, | ) **2.  Breach of Implied Warranty (Song-Beverly Consumer Warranty Act, *Civil Code* §1791)** |
| | ) |
| Defendants. | ) **3.  Breach of the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200)** |
| | ) |
| | ) **4.  Breach of the California Consumer Legal Remedies Act (Cal. Civ. Code §1750, et. seq.)** |
| _____ | ) |

Plaintiffs JANET BROWN, an individual, SHERRY-LYN KORST, an individual, ANNA LAYTON, an individual, and SHASTA NIESEN, an individual, (referred to herein as "Plaintiffs") file this Complaint and allege as follows:

### THE PARTIES

1.    Plaintiff Janet Brown resides in Billings, Montana.  Plaintiff Sherry-Lyn Korst resides in Great Falls, Montana.  Plaintiff Anna Layton resides in Billings, Montana.  Plaintiff Shasta Niesen resides in Clinton, Montana.

2.    Defendant HYUNDAI MOTOR AMERICA. ("Defendant" or "Hyundai") is incorporated and headquartered in the state of California with its principal place of business at 10550 Talbert Avenue Fountain Valley, California 92708.

3.    The true names and capacities of Defendants sued herein under *Code of Civil Procedure* Section 474 as DOES 1 through 10, inclusive, are presently unknown to Plaintiffs who will seek to amend this Complaint to include these DOE Defendants when they are identified.

4.    At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant.  In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission, and authorization of each of the other Defendants.

### JURISDICTION IS PROPER UNDER § 1332(a)

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), which grants federal district courts original jurisdiction of all civil actions where (1) the action is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  As set forth below, this action satisfies both requirements.

6.    **There is Complete Diversity of Citizenship.**  Section 1332(a) requires complete diversity of citizenship, which is established when "each defendant is a citizen of a different State from each plaintiff."  Owen Equip. & Erection Co. v Kroger, 437 U.S. 365, 373 (1978).

7.    Plaintiffs are citizens and residents of the state of Montana.

8.    Defendant Hyundai is incorporated and headquartered in the state of California

COMPLAINT AND DEMAND FOR JURY TRIAL

with its principal place of business at 10550 Talbert Avenue Fountain Valley, California 92708. Therefore, Defendant is a citizen of the state of California.

9.      Because Plaintiffs are citizens of Montana and Defendant is a citizen of California, there is complete diversity of citizenship in this action as required by §1332(a).

10.     **The Amount In Controversy Exceeds $75,000.** Section 1332(a) also requires that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." Based on each Plaintiff's claim for civil penalties, restitution, rescission and attorneys' fees, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, thereby vesting this Court with jurisdiction under 28 U.S.C. § 1332(a). In addition, each Plaintiff asserts a claim for punitive damages, which is included in determining the amount in controversy for subject matter jurisdiction, Bell v. Preferred Life Assur. Society, 320 U.S. 238, 240 (1943). Furthermore, for purposes of determining the amount in controversy the court should consider not just attorneys' fees incurred to date, but the possible attorneys' fees that will be incurred during the court of the litigation. Fritsch v. Swift Transp. Co. of Ariz, LLC, 889 F.3d 785, 794 (9th Cir. 2018).

11.     Defendant is subject to personal jurisdiction in California because it is headquartered in the State of California; has consented to jurisdiction by registering to conduct business in California; has sufficient minimum contacts with California; and is authorized to do and does business in California.

### VENUE IS PROPER UNDER § 1391

12.     Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events, transactions, and conduct giving rise to the claims occurred in and emanated from this District. Further, Defendant is headquartered and transacts business in this District.

### GENERAL ALLEGATIONS

13.     This case arises from Plaintiffs' claim that Defendant purposefully and intentionally breached the laws of the state of California by failing to provide Plaintiffs with safe vehicles and failing to warn and to fix Plaintiffs' vehicles from a known defect that poses serious safety issues.

14.     Based on information and belief, Plaintiffs alleges that certain Hyundai vehicles suffer from an engine defect, related to connecting rod bearing failure within the rotating assembly of the engine, that can cause engine seizure, stalling, engine failure, and engine fire (the "engine defect").  Plaintiffs also alleges that engine seizure or stalling can be dangerous if experienced.

15.     On or around February 28, 2020, Plaintiff Janet Brown purchased a 2020 Hyundai Tucson Ultimate, Vehicle Identification Number KM8J3CAL2LU179656, which was manufactured, distributed, and/or sold by Defendant.  On or about Decemer 6, 2021, Plaintiff Sherry-Lyn Korst purchased a 2015 Hyundai Elantra, Vehicle Identification Number KMDH4AE4FU299341, which was manufactured, distributed, and/or sold by Defendant.  On or about August 20, 2021, Plaintiff Anna Layton purchased a 2016 Hyundai Tucson, Vehicle Identification Number KM8J3CA42GU046765, which was manufactured, distributed, and/or sold by Defendant.  On or about December 14, 2020, Plaintiff Shasta Niesen purchased a 2018 Hyundai Tucson, Vehicle Identification Number KM8J3CA4XJU683894, which was manufactured, distributed, and/or sold by Defendant.  (Hereinafter, referred to collectively as the "Subject Vehicles").  Based on information and belief, Plaintiffs allege that the Subject Vehicles contain the engine defect.

16.     At the time of purchase, Defendant provided Plaintiffs with an express warranty concerning the manufacture, operation, and performance of the Subject Vehicles, upon which Plaintiffs reasonably relied upon when deciding to purchase the Subject Vehicles.

17.     The Subject Vehicles contain significant and/or excessive nonconformities which significantly impairs its use, value, and/or safety.  Such defects/nonconformities include but are not limited to the engine defect that can cause engine seizure, stalling, engine failure, and engine fire, which can be dangerous if experienced.

18.     Defendant has been unable to correct the engine defect, which substantially impairs the use, value, and/or safety of the Subject Vehicles.

19.     Further, Defendant breached its express and implied warranties and refuses to comply with its obligations under the California Song-Beverly Consumer Warranty Act.

20.     Plaintiffs have incurred and continue to incur significant damage as a result of the engine defect/nonconformities and Defendant's failure to honor the applicable express warranties.  Such damages include, but are not limited to, actual, special, consequential damages, and loss of use of the Subject Vehicles.

## FIRST CAUSE OF ACTION

### Breach of Express Warranty- Song-Beverly Consumer Warranty Act (*Cal. Civil Code* § 1790 *et seq.*)

21.     Plaintiffs hereby incorporate by reference and re-allege each of the allegations contained in the foregoing paragraphs 1 through 20, inclusive, as though fully set forth in this cause of action.

22.     Plaintiffs are "purchaser(s)" as defined under the Song-Beverly Consumer Warranty Act (*Civil Code* §1791).

23.     Defendant is a "manufacturer" and "distributor" as defined under *Civil Code* §1791.

24.     Plaintiffs' purchase of the Subject Vehicles were accompanied by an express written warranty.

25.     The Subject Vehicles have numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the Subject Vehicles to a reasonable person in Plaintiffs' situation.

26.     Plaintiffs delivered the Subject Vehicles to Defendant and/or its authorized repair facility for repairs in attempts to have the existing express warranties satisfied.

27.     Defendant and/or its authorized repair facilities failed to repair the defect and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, has failed to comply with and breached all applicable warranty requirements.

28.     Despite its breach of express warranties, Defendant has refused and continues to refuse to promptly comply with Plaintiffs' demand for a refund or replacement of the Subject Vehicles.

29.     As a result of Defendant's failure to remedy the defects as alleged above and promptly issue a refund or replacement of the Subject Vehicles, Defendant is in breach of its obligations under the Song-Beverly Consumer Warranty Act.

30.     Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant is liable to Plaintiffs for civil penalties in an amount to be proven at trial.  Defendant is also liable for Plaintiffs' attorneys' fees and costs incurred.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty- Song-Beverly Consumer Warranty Act (*Civil Code* § 1790 *et seq.*)**

31.     Plaintiffs hereby incorporate by reference and re-allege each of the allegations contained in the foregoing paragraphs 1 through 30, inclusive, as though fully set forth in this cause of action.

32.     At all times relevant, Defendant appended to the purchase of the Subject Vehicles a written warranty in the form of a written statement pursuant to which it undertook to preserve or maintain the utility or performance of said Subject Vehicles.

33.     Plaintiffs purchase of the Subject Vehicles were accompanied separately, individually, and respectively by Defendants, and each of them, with an implied warranty that the Subject Vehicles were merchantable.

34.     At the time of purchase, Defendant was in the business of manufacturing, distributing, and/or selling motor vehicles.

35.     Defendant breached its respective warranties as implied in said purchase of the Subject Vehicles in that the Subject Vehicles had numerous defects and nonconformities requiring multiple repairs and preventing Plaintiffs from using the Subject Vehicles for their intended purpose.  As a result thereof, Plaintiffs did not receive merchantable goods as impliedly warranted by Defendant; Plaintiffs Subject Vehicles were not the same quality as those generally acceptable in the trade; nor did the Subject Vehicles measure up to the promises or representations stated in the applicable express warranties.

36.     Plaintiffs incurred out-of-pocket expenses to have the Subject Vehicles repaired and serviced to attempt to conform the Subject Vehicles to Defendant's express warranty. Plaintiffs have incurred repair costs in amounts according to proof at time of trial.

37.     As a further proximate result of Defendant's willful failures to comply with its obligations to Plaintiffs, Defendant is liable for Plaintiffs' attorneys' fees, costs, and civil penalties.

### THIRD CAUSE OF ACTION

**Breach of California Unfair Competition Law (Cal. Bus. & Prof. Code §17200, *et seq.*)**

38.     Plaintiffs hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 37, inclusive, as though fully set forth in this cause of action.

39.     The California Unfair Competition Law (the "UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

40.     Defendant engaged in unfair competition and unfair, unlawful or fraudulent business practices by knowingly and intentionally concealing the engine defect and its safety risks from Plaintiffs.  Defendant should have disclosed this information because they were in superior position to know the true facts related to the engine defect and Plaintiffs could not reasonably be expected to learn or discovery the true facts related to the engine defect.

41.     The engine defect could cause inadequate engine oil lubrication which poses a risk for engine failure and fire, constituting a major safety issue that triggered Defendant's duty to disclose the safety issue and risk to consumers.

42.     Defendant's failure to disclose the engine defect to Plaintiffs is a breach of Defendant's duty to disclose these material facts, violated the UCL, and caused injury to Plaintiffs.  Defendant's omissions and concealment pertained information that was material to Plaintiffs.

43.     Defendant's acts and practices are unlawful because they violate California Civil

1   Code §§ 1668, 1709, 1710, and 1750, *et seq.*, and California Commercial Code § 2313.

2   44.    Plaintiffs seek to enjoin further unlawful, unfair, and/or fraudulent acts or practies

3   by Defendant, to otain restitutionary disgorgement of all monies an drevenues generated as a

4   result of such practices, and all other relief allowed under California Business & Professions

5   Code § 17200.

6   **FOURTH CAUSE OF ACTION**

7   **Violation of the California Consumer Legal Remedies Act ( "CLRA") (Cal. Civ. Code §**

8   **1750, *et seq.*)**

9   40.    Plaintiffs incorporates by reference and realleges each of the allegations set forth

10  in the preceding paragraphs.

11  44.    The Subject Vehicles are "good(s)" as defined by Civil Code § 1761(a).

12  45.    Defendant is a "person" as defined by Civil Code § 1761(c).

13  46.    Plaintiffs are consumer as defined by Civil Code § 1761(d) who purchased the

14  Subject Vehicles for personal, family, and household purposes.

15  47.    The purchase by Plaintiffs of the Subject Vehicles are "transaction(s)" as

16  defined by Civil Code § 1761(e).

17  48.    Under the CLRA, Civil Code § 1770, et seq., the following methods of

18  competition are unlawful when any person in a transaction intended to result or which results in

19  the sale or lease of goods or services to any consumer:

20          a. Representing that goods…have sponsorship, approval, characteristics,

21          ingredients, uses, benefits, or quantifies which they do not have.  Civil

22          Code § 1770(a)(5).

23          b. Representing that goods…are of a particular standard, quality, or grade,

24          or that goods are of a particular style or model, if they are of another.  Civil

25          Code § 1770(a)(7).

26          c. Inserting an unconscionable provision in the contract.  Civil Code §

27          1770(a)(19).

28  49.    Defendant violated Civil Code §§ 1770(a)(5) and (a)(7) when it represented,

through advertising and other express representations that the Vehicle had benefits or characteristics that they did not actually have and were of a certain standard or quality, when they were not.

50.     Had Plaintiffs known that the representations and warranties made by Defendant concerning the Subjecct Vehicles were false, Plaintiffs would not have purchased the Subject Vehicles or would have paid significant less for the Subject Vehicles.

51.     Plaintiffs served Defendant with notice of its violations of the CLRA pursuant to Civil Code § 1782 (the "Notice") by certified mail on or about September 13, 2023.  Defendant failed to provide or offer to provide remedies for its violations of the CLRA within thirty (30) days of the date of the Notice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For general, special, and actual damages according to proof at trial;

2.     For rescission of the purchase contract and restitution of all monies expended;

3.     For incidental and consequential damages according to proof at trial;

4.     For a civil penalty in an amount of two times Plaintiff's actual damages;

5.     For prejudgment interest at the legal rate;

6.     For reasonable attorney's fees and costs of suit; and

7.     For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

52.     Plaintiff demands a jury trial on all triable issues.


Dated:   January 6, 2024                    PREMIER LEGAL CENTER, A.P.C.


By: _____
          Steven L. Marchbanks, Esq.
          *Attorney for Plaintiff*